**[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 1241.]**

**THOMAS ET AL., APPELLANTS, *v.* CITY OF CLEVELAND ET AL., APPELLEES.**

**[Cite as *Thomas v. Cleveland*, 2001-Ohio-66.]**

*Appeal dismissed as improvidently allowed.*

(No. 00-610—Submitted January 31, 2001—Decided April 25, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 75005 and 75006.

———————————

{¶ 1} This cause is dismissed, *sua sponte*, as having been improvidently allowed.

———————————

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., dissents.

LUNDBERG STRATTON, J., dissents.

———————————

**COOK, J., dissenting.**

{¶ 2} Because I would affirm the judgment of the court of appeals, I respectfully dissent.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 3} I respectfully dissent from the majority's decision to dismiss this case as having been improvidently allowed because I would reverse the judgment of the court of appeals and remand the cause for a new hearing on the issue of damages.

{¶ 4} Annie Thomas and Christine Taylor both own automobiles that were used by other people in the commission of drug offenses. Both Thomas and Taylor filed suit to challenge the constitutionality of the forfeiture procedure in R.C. 2933.43, as applied to potential innocent owners of motor vehicles.

**{¶ 5}** The plaintiffs and the city stipulated the following facts. When the city of Cleveland seizes a vehicle and determines that the vehicle may be subject to forfeiture, the police department submits a request to the prosecutor to begin forfeiture proceedings. If the prosecutor determines that a forfeiture petition should be filed pursuant to R.C. 2933.43(C), generally the prosecutor files the forfeiture petition at the same time that he or she files the indictment in the underlying criminal case. The city filed requests for forfeiture in both cases with the prosecuting attorney, but the prosecuting attorney did not file petitions requesting forfeiture in either underlying criminal case.

**{¶ 6}** Thomas's car was seized on February 6, 1995. Taylor's car was seized on April 5, 1995. Within twenty-four hours after each seizure, the Cleveland Police Department identified the owners of the vehicles and determined that they were not the arrestees. After the seizures, both owners made attempts within two days to secure the release of their cars and one or more follow-up attempts in the next weeks. On all of these occasions, the police refused to release the cars pursuant to R.C. 2933.43.

**{¶ 7}** The police department gave Thomas and Taylor oral notice of the seizures when they first contacted the department but did not provide any preseizure notice or opportunity for a hearing regarding the seizure, nor did it serve Thomas or Taylor with any written notice of the seizure.

**{¶ 8}** Within a month of each seizure, the police requested the prosecutor to file an R.C. 2933.43(C) petition for the forfeiture of the cars with the expectation that unless the police were otherwise informed, the petition for forfeiture would be filed by the prosecutor. However, the prosecutor did not file forfeiture petitions. Thomas and Taylor did not receive forfeiture hearings or notices of forfeiture hearings pursuant to R.C. 2933.43(C). Neither owner filed a replevin action. The city detained Thomas's car for seven months and Taylor's car for thirteen months.

**{¶ 9}** Thomas and Taylor filed actions, later consolidated, for declaratory judgments that R.C. 2933.43 was unconstitutional, alleging that it failed to afford them timely and meaningful postseizure notice and an opportunity to be heard on the seizure. In addition, both sought compensatory damages. The trial court found that neither Thomas nor Taylor received a hearing within forty-five days after the underlying criminal cases were completed, so they were entitled to compensation, which the parties stipulated at $400 per plaintiff. The court declared that the statute was constitutional. The Court of Appeals for Cuyahoga County affirmed the judgment of the trial court. The cause is now before this court pursuant to a discretionary appeal.

Constitutionality of R.C. 2933.43

**{¶ 10}** R.C. 2933.43, a statute protecting innocent owners such as Thomas and Taylor from having their vehicles forfeited, provides in part:

"(A)(2)  If a law enforcement officer seizes property that is titled or registered under law, including a motor vehicle, pursuant to division (A)(1) of this section, the officer or the officer's employing law enforcement agency *shall notify the owner of the seizure*. The notification shall be given to the owner at the owner's last known address *within seventy-two hours after the seizure*, and may be given orally by any means, including telephone, or by certified mail, return receipt requested.

"* * *

"(B)(1) A motor vehicle seized pursuant to division (A)(1) of this section and the contents of the vehicle *may be retained for a reasonable period of time, not to exceed seventy-two hours*, for the purpose of inspection, investigation, and the gathering of evidence of any offense or illegal use.

"* * *

"If no petition for the extension of the initial seventy-two-hour period has been filed, prior to the expiration of that period, under this division, if *the vehicle*

*was not in the custody and control of the owner at the time of its seizure*, and if, at the end of that seventy-two-hour period, *the owner of the vehicle has not been charged with an offense or administrative violation* that includes the use of the vehicle as an element and has not been charged with any other offense or administrative violation in the actual commission of which the motor vehicle was used, *the vehicle and its contents shall be released to its owner * * *."* (Emphasis added.)

{¶ 11} Although both Thomas and Taylor received *notice* of the seizure of their vehicles within seventy-two hours pursuant to R.C. 2933.43(A)(2), their vehicles and their contents were not released to them within seventy-two hours as required by R.C. 2933.43(B)(1).

{¶ 12} The court of appeals and the parties, however, focus on the portion of the statute concerning contraband, which provides:

"[N]otwithstanding any provisions of divisions (B)(1) and (C) of this section to the contrary, any property lawfully seized pursuant to division (A) of this section because it was contraband of a type described in division (A)(13)(a) or (c) of section 2901.01 of the Revised Code shall not be subject to replevin or other action in any court and shall not be subject to release upon request of the owner * * *." R.C. 2933.43(B)(2).

{¶ 13} However, I would adopt the well-reasoned analysis of *amicus curiae* Attorney General of Ohio, which concludes that R.C. 2933.43(B)(1) is the critical subsection. On this analysis, when R.C. 2933.43(B)(2) directs that no such property may be returned to its owner, the statute refers to property that citizens may *never* lawfully possess, *not* to motor vehicles that belong to innocent owners. Any other interpretation would render meaningless the provisions of R.C. 2933.43(B)(1) that direct the police to release the vehicle and its contents to the innocent owner within seventy-two hours after the seizure. Indeed, the city's interpretation that seizure of

vehicles in a drug arrest automatically renders them contraband would clearly gut the meaning and protection of the innocent-owner statute.

{¶ 14} R.C. 2933.43(B)(1) protects innocent owners by guaranteeing the prompt return of their car, while still accommodating the government's interest in inspecting, investigating, and extracting critical evidence from the vehicle before its release. Before releasing the vehicle, the law enforcement agency that seized it may require proof of ownership of the vehicle, proof of ownership or legal possession of the contents, and an affidavit from the owner that the owner neither knew of nor expressly or impliedly consented to the use of the vehicle that resulted in its forfeiture. R.C. 2933.43(B)(1).

{¶ 15} In this case, the law enforcement agency never filed for an extension of the seventy-two-hour period under R.C. 2933.43(B)(1). Neither owner had custody or control of her vehicle at the time of the seizure. R.C. 2933.43(B)(1). Neither owner was charged with an offense or a violation of an administrative regulation. R.C. 2933.43(B)(1). The prosecutor did not file for forfeiture. Therefore, no replevin or other action was required by the owner for the release of the vehicle. The vehicle "shall be released" to its owner if none of the above conditions attaches.

{¶ 16} Instead, the city held onto Thomas's vehicle for seven months and Taylor's vehicle for thirteen months. The city clearly violated R.C. 2933.43. The innocent-owner statute is of no value to an innocent owner if the city's interpretation is allowed to prevail. The seventy-two-hour automatic-return provision of R.C. 2933.43 clearly is meant to prevent such a travesty of justice.

{¶ 17} Accordingly, I would hold that R.C. 2933.43 is not unconstitutional on its face but would declare a different interpretation from that of the lower courts.

Damages

**{¶ 18}** Thomas and Taylor stipulated to damages in the amount of $400 each based on the period of time from when the trial court concluded that a hearing should have been held until the time the vehicles were released. The judgment stated that the stipulated damage award would be void in case of a successful appeal.

**{¶ 19}** In light of my view that the vehicles in this case should have been returned to their innocent owners within seventy-two hours, I would find that in calculating the damage award, the trial court should have used the date that the vehicles should have been released pursuant to R.C. 2933.43, *i.e.*, seventy-two hours after they were seized.

**{¶ 20}** Accordingly, I would find that R.C. 2933.43 provides the due process protections guaranteed by the United States and Ohio Constitutions, and I would reverse the judgment of the court of appeals and remand the cause to the trial court for a new hearing on the issue of damages.

————————————

*Peter M. Iskin, Harold L. Williams* and *Ann McGowan Porath*, for appellants.

*Cornell P. Carter*, Director of Law, and *Matthew T. Brady*, Senior Litigation Counsel, for appellee city of Cleveland.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Christopher J. Russ*, Assistant Prosecuting Attorney, for appellee William D. Mason.

*Betty D. Montgomery*, Attorney General, *David M. Gormley* and *Peter M. Thomas*, Assistant Attorneys General, urging affirmance for *amicus curiae*, Attorney General of Ohio.

————————————